UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JEANNIE ALLISON and ASHLEY CARTWRIGHT, | ) ) ) |
| Plaintiffs, | ) ) ) No.: |
| vs. | ) ) |
| A & W EMG MUSCLE & NERVE, PLLC and WILLIAM WATSON, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiffs file this lawsuit against Defendants and allege the following:

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant A & W EMG Muscle & Nerve, PLLC ("A & W EMG") is a Tennessee professional limited liability company with its principal address at 9314 Park West Boulevard, Suite 404, Knoxville, TN, 37923. Its registered agent for service of process in Tennessee is William Watson, 9314 Park West Boulevard, Suite 404, Knoxville, TN, 37923.

3. Defendant William Watson is the member/owner of A & W EMG, and he has operational control of the company.

4. At all times material, A & W EMG was a medical facility that performed neurological testing on patients, such as EMG and nerve conduction studies.

## Facts

### Jeannie Allison

5.      Plaintiff Jeannie Allison was employed by A & W EMG at its medical facility in Knoxville from approximately March 6, 2022 until July 31, 2023.

6.      Defendant agreed to pay Plaintiff on an hourly basis at a rate of $29.00 an hour.

7.      From the beginning of her employment on or about March 6, 2022 until May 2, 2022 ("start-up period"), Plaintiff performed work in getting Defendant's medical practice started, such as marketing, working on the electronic medical records system, and working with insurance and credentialing companies.

8.      During the start-up period, Plaintiff worked overtime hours of more than 40 per workweek.

9.      Defendants did not pay Plaintiff any compensation whatsoever for the work she performed during the start-up period.

10.     Thereafter, beginning on or about May 2, 2022, Plaintiff worked in the position of nerve conduction technician or "neurotech."

11.     While she was employed as a neurotech, Plaintiff worked overtime hours of more than 40 per workweek.

12.     Defendants failed to compensate Plaintiff for all overtime hours worked as a neurotech at a rate of one and one-half times her regular rate of pay.

13.     More specifically, Defendants paid Plaintiff her regular rate of pay, or "straight time," for some overtime hours worked; failed to pay Plaintiff any compensation for hours worked "off the clock" outside her normal scheduled hours; and docked Plaintiff for lunch breaks that she did not take and failed to compensate her for this work time.

14.     Defendant Watson, who was one of Plaintiff's supervisors, was well aware that

Plaintiff was not being compensated for all of her work hours as described above.

15. In fact, Plaintiff complained to Defendant Watson about Defendants' failure to pay her all of the compensation she was owed for her work.

**Ashley Cartwright**

16. Plaintiff Ashley Cartwright was employed by A & W EMG at its medical facility in Knoxville from approximately May 5, 2022 until August 1, 2023.

17. Defendants agreed to pay Plaintiff on an hourly basis at a rate of $12.00 an hour.

18. During Plaintiff's first workweek, she underwent training to work as a scheduler in Defendants' medical facility.

19. Defendants did not pay Plaintiff any compensation whatsoever for the training hours she worked during her first workweek.

20. Thereafter, Plaintiff was employed in the position of scheduler.

21. While she was employed as a scheduler, Plaintiff worked overtime hours of more than 40 per workweek.

22. Defendants failed to compensate Plaintiff for all overtime hours worked at a rate of one and one-half times her regular rate of pay.

23. More specifically, Defendants paid Plaintiff her regular rate, or "straight time," for overtime hours worked.

24. Defendant Watson was well aware that Plaintiff was not being paid overtime wages for her overtime hours as described above.

25. In fact, Plaintiff complained to Defendant Watson about Defendants' failure to pay her overtime wages.

### Count 1—Violation of FLSA—Overtime Violations as to Jeannie Allison

26. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-25 above.

27. Defendant A & W EMG was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

28. Plaintiff was an "employee" of Defendant A & W EMG as defined by Section 203(e)(1) of the FLSA.

29. Defendant Watson was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

30. Plaintiff was an "employee" of Defendant Watson as defined by Section 203(e)(1) of the FLSA.

31. While she was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

32. Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants had annual gross volume of sales which exceeded $500,000.00.

33. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

34. Pursuant to Section 207(a)(1) of the FLSA, Defendants were required to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

35. Defendants' failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

36. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for

overtime back pay.

37. In addition to the amounts of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

38. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 2— Violation of FLSA—Minimum Wage Violations as to Jeannie Allison

39. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-38 above.

40. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendants were required to pay Plaintiff a minimum wage of at least $7.25 an hour for the hours she worked.

41. Defendants' failure to pay Plaintiff any compensation for the work she performed during the start-up period is a violation of Section 206(a)(1)(C) of the FLSA.

42. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for back pay in the amount of the minimum wages she is owed.

43. In addition to the amount of unpaid minimum wages owing to Plaintiff, she is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

44. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 3—Breach of Contract Under Tennessee State Law as to Jeannie Allison

45. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-44 above.

46. Defendants' agreement to pay Plaintiff $29.00 an hour for her work while she was employed by Defendant was an enforceable contract under Tennessee law.

47. By failing to pay Plaintiff for all of her regular hours worked during the start-up period at the agreed-upon rate, Defendant breached its contract with Plaintiff.

48. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation she failed to receive for regular work hours at her agreed-upon rate of $29.00 an hour.

### Count 4—Violation of FLSA—Overtime Violations as to Ashley Cartwright

49. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-48 above.

50. Defendant A & W EMG was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

51. Plaintiff was an "employee" of Defendant A & W EMG as defined by Section 203(e)(1) of the FLSA.

52. Defendant Watson was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

53. Plaintiff was an "employee" of Defendant Watson as defined by Section 203(e)(1) of the FLSA.

54. While she was employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

55. Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants had annual gross volume of sales which exceeded $500,000.00.

56. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

57. Pursuant to Section 207(a)(1) of the FLSA, Defendants were required to pay

Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

58. Defendants' failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

59. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

60. In addition to the amounts of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

61. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiffs pray for a judgment against Defendants for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to the overtime back pay;

(c) minimum wage back pay;

(d) liquidated damages in an amount equal to the minimum wage back pay;

(e) unpaid wages as damages resulting from Defendants' breach of contract;

(f) interest;

(g) reasonable attorney's fees and costs;

(h) all other general legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiffs